# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

MEGAN ROGERS,

                                    Plaintiff,

vs.                                                            5:19-CV-175 (LEK/ATB)

HILLARY RODHAM CLINTON,

                                    Defendant.

---

MEGAN ROGERS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Megan Rogers. (Dkt. No. 1) Plaintiff Rogers has also filed an application to proceed in forma pauperis ("IFP") (Dkt. No. 2). A review of plaintiff's IFP application shows that it is incomplete.

**I.**     **IFP Application**

In order to proceed IFP in federal court, the court must be satisfied by plaintiff's affidavit that she is unable to pay the "cost of these proceedings." (Dkt. No. 2 at 1); 28 U.S.C. § 1915. If plaintiff meets the financial criteria, the court then must also consider the sufficiency of the allegations set forth in the complaint. 28 U.S.C. § 1915.

In this case, it is completely unclear whether plaintiff meets the financial criteria

to proceed IFP. In her application, plaintiff seems to indicate that she is employed,[1] and then lists $3000 in the space provided for "gross pay" and $3000 in the space provided for "net pay." However, where the form states "(*specify pay period*"), plaintiff has left that space blank. (Dkt. No. 2 at 1). Unfortunately, this court cannot determine the amount of plaintiff's income without an indication of how often she receives the amount that she lists as her salary, if in fact, it is salary at all. The pay period may make the difference between qualifying for IFP and not qualifying for IFP, and if she is employed, she must list her employer.

Plaintiff has failed to complete paragraph 3 of the form in which she is requested to state whether she has received any other income from several listed sources in the past twelve months. (Dkt. No. 2 at 1, ¶ 3). Even if plaintiff has not received income from any of the sources listed, she must check the "no" box at the end of each listed source. She has also failed to complete paragraph 4 of the form in which she is asked to list the amount of money that she has in any checking or savings account. (Dkt. No. 2 at 2, ¶ 4). If plaintiff has no money in these types of accounts, she must so indicate. The court cannot just assume that by leaving the space blank, plaintiff intends to claim that she has no money in any bank accounts.

Finally, plaintiff has failed to list any regular monthly expenses that she has,

---

[1] Although she fills out the portion of the form in which it asks whether she is employed, she has not listed an employer, so the court cannot even make that determination properly. (Dkt. No. 2 at 1).

2

although in another paragraph she states that she has no debts or financial obligations. (Dkt. No. 2 at 2, ¶¶ 5, 8). Plaintiff has listed two dependents, whose names have been redacted, so they must be under 18 years old. (Dkt. No. 2 at 2, ¶ 7). If plaintiff has children, she must have some monthly expenses that she has neglected to list.

Before the court can proceed further to review the merits of plaintiff's complaint, she must complete the application, and include all the proper information. This court will direct the Clerk to send plaintiff a blank IFP application, and will afford the plaintiff until **Friday, March 8, 2019** to resubmit a properly completed application, showing that she is unable to pay the filing fee.

**WHEREFORE**, based on the above, it is

**ORDERED**, that the Clerk provide plaintiff with a blank IFP application, and it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **STAYED** pending plaintiff's submission of the appropriate information discussed above by **FRIDAY, MARCH 8, 2019**, and it is

**ORDERED**, that when plaintiff files her properly completed motion for IFP, the Clerk is directed to send the matter back to me for my review of the IFP application and the plaintiff's complaint, and it is

**ORDERED**, that if plaintiff fails to file the new motion for IFP by March 8, 2019, or fails to ask for an extension of time to do so, the Clerk is directed to return the

matter to me for further proceedings.

Dated: February 19, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge