**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MEGAN ROGERS,

Plaintiff,

vs. 5:19-CV-175 (LEK/ATB)

HILLARY RODHAM CLINTON,

Defendant.

---

MEGAN ROGERS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Megan Rogers. (Dkt. No. 1) Plaintiff Rogers has also filed an application to proceed in forma pauperis ("IFP") (Dkt. No. 2). On February 19, 2019, this court determined that plaintiff's application to proceed IFP was incomplete and directed plaintiff to provide the court with the additional information. (Dkt. No. 4). On February 26, 2019, plaintiff filed a properly completed IFP application (Dkt. No. 5), and the court may now conduct an initial review of the plaintiff's complaint.

**I. <u>IFP Application</u>**

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 5). The court agrees and finds that plaintiff is financially eligible to proceed IFP.

In addition to determining whether plaintiff meets the financial criteria to

proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. <u>Complaint</u>

Plaintiff has combined two form complaints in which she sues defendant Hilary Rodham Clinton. (Complaint ("Compl.")) (Dkt. No. 1). The first is filed on a form reserved for cases brought pursuant to 42 U.S.C. § 1983. (Compl. at 1-6).[1] The second part of the complaint appears to be written on pages taken from two different forms, one of which is used for civil rights actions brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 430 U.S. 388 (1971) and the second contains language referring to employment discrimination actions under Title VII, 42 U.S.C. § 2000e. (Compl. 7 (*Bivens*), 8 (Title VII, 9-11 (*Bivens*)).

The "facts" of this action are stated in a cursory and random manner in various parts of the complaint, and there are few full sentences. In the fact section of the first form complaint, plaintiff states that in "1998? - Reported hate crime was ignored." (Compl. at 2). Plaintiff then states that in 2007, another "hate crime" occurred, but was ignored. (*Id.*) Plaintiff states that she is of "german palatine royalty, and this has put our homeland security in danger!!" (*Id.*) She concludes the fact section by writing

[1] The court will cite to the page numbers of the complaint as assigned by the court's electronic filing system, CM/ECF.

"Black fund - Black Eagle." (*Id.*) (underlining in original). In the "Causes of Action" section of the complaint, plaintiff's first cause of action is: "Emails," "36 page Appeal," and "Black Eagle." (Compl. at 4). Plaintiff's second cause of action is: "wrote Hillary Clinton Foundation," "U.S. Department of Security," "FBI," "local police etc." (*Id.*) The third cause of action simply says: "Court." (*Id.*) In the "Prayer for Relief" page, which is attached before the "Causes of Action" page, plaintiff asks for 80 million dollars and "my parental rights." (Compl. at 3). Nothing is handwritten on the next page,[2] and the following page contains another "Prayer for Relief," asking for "American Fund in 80 Million." (Compl. at 5)

The next page of plaintiff's complaint is the first page of a form-*Bivens* action. There is nothing written in the caption of the complaint. Across the top of the page, plaintiff has written "Narcotics," and further down, plaintiff has written the word - "Brief." (Compl. at 7). The next page includes two "Causes of Action," beginning with the "Second Cause of Action" - *Funding. Safe Home" and "Egyptian jewelry." (Compl. at 8). The "Third Cause of Action" is "Death to CPS." (*Id.*)

The next page purports to be "Facts" again and states that "Hate crime is a federal crime committed by certain individuals prejudice [sic] against religion, freedom of life," "Slander CPS," and "Domestic Terrorism -She stole my fund." (Compl. at 9). Under the next set of "Causes of Action," plaintiff has written: "80 million." (*Id.*) The

[2] The form is completely blank.

next page contains more "Causes of Action" - the first is "80 Million," "Established for life." (Compl. at 10). The second cause of action is "Safe Home" and "Trust Fund," and the third cause of action is "Jail" and "Prison." (*Id.*) The last page contains plaintiff's signature and another "Prayer for Relief" of "80 Million heiress." (Compl. at 11).

## III. <u>Subject Matter Jurisdiction</u>

### A, Legal Standards

Federal courts are courts of limited jurisdiction, and before deciding any case on the merits, the court must determine that it has subject matter jurisdiction over the matter. *Humphrey v. Syracuse Police Dep't*, No. 17-3921, __ F. App'x __, 2019 WL 1239881, at *1 (2d Cir. Mar. 18, 2019). In order for the court to have subject matter jurisdiction over the action, the plaintiff must have standing to sue. *Id.* "Standing is essentially an inquiry into whether a plaintiff is the proper party to invoke the jurisdiction of the federal courts." *Mehdi v. United States Postal Svc.*, 988 F. Supp. 721, 730 (S.D.N.Y. 1997) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Standing is a threshold question in every federal case that implicates the court's jurisdiction. *Griffin v. Doe*, 71 F. Supp. 3d 306, 316 (N.D.N.Y. 2014) (citing *Cohan v. Movtady*, 751 F. Supp. 2d 436, 439 (E.D.N.Y. 2010) (quoting *Ross v. Bank of America*, 524 F.3d 217, 222 (2d Cir. 2008)). Thus, the court may raise the standing issue sua sponte. *Id.* (citing *Central States Southeast and Southwest Areas Health and Welfare Fund v.*

*Merck–Medco Managed Care, LLP*, 433 F.3d 181, 198 (2d Cir. 2005) (citations omitted)).

In order to establish constitutional standing, the plaintiff must demonstrate that (1) she has suffered an injury in fact that is distinct and palpable; (2) the injury is "fairly traceable" to the challenged action; and (3) the injury is redressable by the removal of the defendant's conduct. *Id.* (citing *Ross v. Bank of America*, 524 F.3d at 222). Plaintiff must allege facts that affirmatively and plausibly suggest that she has standing to sue. *Janfeshan v. United States Customs and Border Protection*, No. 16-CV-6915, 2017 WL 3972461, at *4 (E.D.N.Y. Aug. 21, 2017) (quoting *Amidax Trading Grp. v. SWIFT SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).

**B. Application**

The plaintiff in this action has alleged no injury to herself that is "distinct and palpable" and either traceable to the defendant's actions or "redressable by the removal of the defendant's conduct." Plaintiff makes conclusory statements that in 1998 and in 2007 "a reported hate crime was ignored." (Compl. at 2). Plaintiff also claims that she is of German Palatine Royalty, and that "this"[3] has put "our"[4] homeland security in danger. Plaintiff has not alleged that any of these actions were taken by Hillary Clinton, and has not alleged how plaintiff was injured by any of these actions.

---

[3] It is unclear what "this" is.

[4] It is unclear to whose homeland she is referring.

Plaintiff's allegations are so vague and conclusory, that the court cannot determine what she is trying to allege.[5] The same is true for the rest of the plaintiff's conclusory statements: "emails, 36 page appeal, Black Eagle." (Compl. at 4). Plaintiff does state that she wrote to the Hillary Clinton Foundation, in addition to various other entities and organizations, but plaintiff does not state the content of her letter or that Hillary Clinton even saw plaintiff's letter. Plaintiff's allegations are all stream of consciousness words that may mean something to her, but are incomprehensible for purposes of maintaining a federal action against this defendant.

Plaintiff clearly has a problem with "CPS," which may stand for Child Protective Services, since she states in one of her Prayer for Relief section that she is requesting her "parental rights." (Compl. at 3). However, there is no indication that Hillary Clinton was ever or is involved with Child Protective Services. Plaintiff appears to allege "slander" by CPS. However, CPS is not a defendant, and there is no allegation that Hillary Clinton was involved in any slander against plaintiff.

Plaintiff states in conclusory terms that "hate crime" is a federal crime, committed by "certain individuals," who are prejudiced against religion and "freedom

---

[5] The court also notes, but will not reach the issue, that there would be some serious statute of limitations problems with any actions that occurred either in 1998 or in 2007 with respect to a civil rights action brought under section 1983 or *Bivens*. Federal courts borrow the state law personal injury statute of limitations period for purposes of filing section 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New York State, the relevant limitations period is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989). See N.Y. Civ. Prac. L & R. § 214(5). The same is true for *Bivens* actions. *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011) (*Bivens*)

of life." (Compl. at 9). There is no indication that plaintiff was the victim of any hate crime or that Hillary Clinton was in any way involved. Plaintiff them claims "Domestic Terrorism," and states that "she stole my fund." (*Id.*) The court can only assume that plaintiff is referring to Hillary Clinton, but plaintiff does not explain how she was the victim of "Domestic Terrorism," nor does she explain the "fund" to which she refers or how the defendant might have stolen it. (*Id.*) Plaintiff's one or two-word references to Egyptian jewelry, safe home, jail, and prison are completely incomprehensible, and do not confer standing to bring any sort of federal action.

In addition, Fed. R. Civ. P. 8 requires a "'short and plain statement'" of a claim, showing that 'the pleader is entitled to relief.'" *Whitfield v. Johnson*, No. 18-1331, __ F. App'x __. 2019 WL 1178739, at *1 (2d Cir. Mar. 13, 2019) (quoting Fed. R. Civ. P. 8(a)). Each statement must be "'simple, concise, and direct,' and must give 'fair notice of the claims asserted.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.*

In this case, while plaintiff's complaint is certainly short, it is also completely unintelligible, and the court cannot even guess at its substance, if any. It is not even clear why plaintiff has named Hillary Clinton as the defendant, to what "hate crimes" she may be referring, why Egyptian jewelry would be relevant, or what "Black Fund and Black Eagle" mean in the context of the complaint. Thus, the complaint violates

Rule 8, and is frivolous.

## IV. Venue

### A. Legal Standards

The relevant venue provision in this case is 28 U.S.C. § 1391(b), which provides as follows:

> (b) A civil action may brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Mikhaylov v. United States*, 29 F. Supp. 3d 260, 273 (E.D.N.Y. 2014) (*Bivens* action) (citing 28 U.S.C. § 1391(b); *Smolen v. Brauer*, 177 F. Supp. 3d 797, 801 (W.D.N.Y. 2016) (section 1983 action). When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Recently, the Second Circuit has held that the court may decline to transfer a case that would be "meritless" in the court that has jurisdiction. *Raymond Loubier Irrevocable Trust v. Loubier*, No. 18-1054, __ F. App'x __, 2019 WL 1299708, at *1 (2d Cir. Mar. 20, 2019) (citations omitted).

### B. Application

Although plaintiff never states the defendant's address for venue purposes, it is likely that Hillary Clinton does not reside in the Northern District of New York, making venue improper. In any event, the complaint is so devoid of facts that would establish this court's jurisdiction over anything, transferring the case to any other district would not be in the interests of justice.

## V. Color of State or Federal Law

### A. Legal Standards

A claim alleging federal question jurisdiction may be dismissed for lack of subject matter jurisdiction if it is "immaterial and made solely for the purpose of obtaining jurisdiction or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (citations omitted). In order to state a claim under section 1983, plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does ***not*** reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)).

The issue of whether a defendant acts under color of state law goes to a federal court's subject matter jurisdiction over a complaint. *Polk County v. Dodson*, 454 U.S. 312, 336 (1981). If the defendant does not act under color of state law, the federal court has no power to entertain a section 1983 complaint against her. *Id.* The same is true for a *Bivens* action. *Bivens* provides for a cause of action by a plaintiff for constitutional violations against federal officials in their individual capacities. 403 U.S. at 392-97. *See Eck v. Gallucci*, 321 F. Supp. 2d 368, 371 (D. Conn. 2004). "'*Bivens* claims are treated as analogous to claims under 42 U.S.C. § 1983 and incorporate the same law.'" *Hester Bey v. Ford*, No. 13-CV-4656, 2015 WL 4910570, at *4 (E.D.N.Y. June 8, 2015) (quoting *Garcia v. Watts*, No. 08-CV-7778 (JSR), 2009 WL 2777085, at n. 14 (S.D.N.Y. Sept.1, 2009) (collecting cases)), (Rep't-Rec *adopted* 2015 WL 4910576 (E.D.N.Y. Aug. 13, 2015).

**B. Application**

Plaintiff has brought this action on forms for both section 1983 claims and *Bivens*. Each of those relies upon federal question jurisdiction under 28 U.S.C. § 1331. *Clarkes v. Hughes*, No. 17-CV-961, 2018 WL 5634932, at *2 (E.D.N.Y. Oct. 30, 2018). Although pro se complaints must be read to raise the strongest arguments they suggest and are subject to less stringent standards than pleadings written by attorneys, pro se litigants must still establish subject matter jurisdiction. *Id.* (citations omitted).

In this case, plaintiff has named Hillary Clinton as a defendant. Plaintiff makes

no allegation anywhere in the complaint that the defendant acted under color of state or federal law. In addition, while it is widely known that the defendant was married to a president of the United States, was a United States Senator, and was the Secretary of State under President Barack Obama, there is no indication that any alleged actions or omissions took place when the defendant held any of the above federal offices or that her alleged actions had any relationship to one of her federal positions.[6] Thus, there is no jurisdiction under either section 1983 or *Bivens*.

The court must also note that there is no subject matter jurisdiction over state law claims. *Gonzalez v. United States*, No. 16-CV-1494, 2018 WL 1597384, at *15 (E.D.N.Y. Mar. 31, 2018). To the extent plaintiff "mentions" parental rights or slander, this court has no jurisdiction over such claims in this instance. *Clarkes v. Hughes*, 2018 WL 5634932, at *4 (if the court dismissed the federal claims for lack of subject matter jurisdiction, the court should decline to exercise supplemental jurisdiction over any state law claims).

## VI. Opportunity to Amend

### A. Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer*

[6] In fact, as stated above, there are no specific allegations that Hillary Clinton took any actions at all or was responsible for any omissions that affected this plaintiff.

*& Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

**B. Application**

In this case, the court finds that the defects in this complaint would not be cured by allowing plaintiff to amend her complaint. There is simply no subject matter jurisdiction, and any amendment would not create subject matter jurisdiction over plaintiff's conclusory allegations against this defendant. However, because the court finds no subject matter jurisdiction, the court must recommend dismissing without prejudice, but without leave to amend. *See Koso v. Haegele*, No. 18-CV-4400, 2018 WL 6531496, at *3 (E.D.N.Y. Dec. 11, 2018) (dismissing without prejudice for lack of jurisdiction, but denying leave to amend); *Uzoefune v. American Auto Shield, LLC*, No. 18-CV-3441, 2018 WL 5624149, at *3 (E.D.N.Y. Oct. 30, 2018) (dismissing without prejudice for lack of subject matter jurisdiction, but denying the opportunity to amend because jurisdictional defect would not be cured by amendment).

**WHEREFORE**, based on the findings above it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **DENIED AS MOOT**, and it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 5) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, but without leave to amend as

discussed above.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 1, 2019

**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**