UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MEGAN ROGERS

                                Plaintiff,

    -against-                                   5:19-CV-175 (LEK/ATB)

HILLARY RODHAM CLINTON,

                                Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

       Pro se plaintiff Megan Rogers brings this civil rights complaint against Hillary Rodham Clinton. Dkt. No. 1 ("Complaint"). On April 1, 2019, the Honorable Andrew T. Baxter, U.S. Magistrate Judge, reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and issued a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, Dkt. No. 7 ("Report-Recommendation"), to which Plaintiff objected on April 11, 2019. Dkt. No. 8 ("Objection"). Judge Baxter recommends that the court dismiss the claims for lack of subject matter jurisdiction, without leave to amend. R & R at 13–14. The Court agrees.

**II.    LEGAL STANDARD**

       Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a

mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014)). "Even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)"A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

To the extent that Plaintiff's April 8, 2019 filing can be construed as an objection, it makes no direct argument about the Magistrate's findings, instead providing a more detailed narrative of Plaintiff's claims. Obj. at 1–3. Thus, the Court reviews the Report-Recommendation for clear error. Machicote, 2011 WL 3809920, at *2. It finds none.

Further, even if the Court construed Plaintiff's filing as an amended complaint based on its expanded explanation of her claims, the additional details do not remedy the lack of subject matter jurisdiction. Though more detailed and organized than her initial Complaint, it remains difficult to discern Plaintiff's claims. She appears to insinuate that Defendant committed a "hate crime" against Plaintiff by causing her to lose custody of three of her children. Obj. at 1–2. Plaintiff references Defendant's involvement with the Adoption and Safe Families Act signed by President Bill Clinton in 1997, but does not provide any further explanation for the link between Defendant and her loss of custody. Id. Rather, Plaintiff's allegations leap from mentions of 9/11,

2

the death of Nancy Shaefer, "Pizzagate," and Benghazi in a manner that is exceedingly difficult to follow. Id. These disjointed allegations do not plausibly allege an injury "fairly traceable to the challenged action" or "likely redressable by a favorable decision" as is required to establish standing. Ross v. Bank of America., 524 F.3d 217, 222 (2d Cir. 2008). Thus, to the extent Plaintiff's Objection could be construed as an amended complaint, it would also be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**, and it is further

**ORDERED**, that the Complaint is **DISMISSED for lack of subject matter jurisdiction, without leave to amend**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 31, 2019
Albany, New York

Lawrence E. Kahn
U.S. District Judge